# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MELISSA DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ATLANTA, RICHARD MENDOZA in his individual and official capacity as Commissioner of the Department of Public Works, YVONNE YANCY in her individual and official capacity as Commissioner of the Department of Human Resources. | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Melissa Davis ("Plaintiff") and files this Complaint for Damages against City of Atlanta (the "City"), Richard Mendoza ("Mendoza"), individually and in his official capacity as Commissioner of the Department of Public Works, and Yvonne Yancy ("Yancy"), individually and in her official capacity as Commissioner of Human Resources and respectfully shows the Court as follows:

1

# **INTRODUCTION**

1.

This is an action for legal and equitable relief to redress unlawful discrimination on the basis of gender. The suit is brought to seek a declaratory judgment that Defendants have engaged in gender discrimination in pay and to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000*et seq.* as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a (hereinafter "Title VII"), and the Lilly Ledbetter Fair Pay Act of 2009; 42 U.S.C. § 1983 (hereinafter "§ 1983"); 42 U. S. C. § 1981 (hereinafter "§ 1981"); and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) (hereinafter "Equal Pay Act"), which provide relief for discrimination in employment on the basis of sex.

2.

Specifically, Plaintiff alleges that Defendants discriminated against her based upon her sex, female, when implementing the terms and benefits of her employment, specifically pay, benefits and promotions. Plaintiff seeks a permanent injunction and other equitable relief necessary to eliminate the effects of the Defendants' past gender discrimination and to prevent such discrimination from adversely effecting her life and career, including but not

limited to, affirmatively restructuring her pay, promotion, reclassification, and the restructuring of any other terms and conditions of employment.

3.

Plaintiff seeks damages, back pay and other equitable remedies necessary to make her whole. Plaintiff seeks compensatory damages against all Defendants and punitive damages against the individual Defendants, and requests a trial by jury of all issues triable by a jury pursuant to 42 U.S.C. § 1983, Title VII, and the Equal Pay Act. Further, Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it arises under federal statutes and federal constitutional provisions. Venue is proper under 28 U.S.C. § 1391(b) and (c). Plaintiff also invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims against the City as these claims form part of the same case or controversy.

## PARTIES

5.

Plaintiff is a resident and citizen of the State of Georgia.

6.

Plaintiff is female.

7.

Mendoza, at times material to this lawsuit, held the title or position of Commissioner of the Department of Public Works for Defendant.

8.

Mendoza is sued in his individual and official capacity for all personnel matters as alleged herein for which he had the authority to approve or deny the relief as requested by Plaintiff.

9.

Mendoza is an adult resident and citizen of Georgia and may be served at the City of Atlanta Department of Public Works, 55 Trinity Avenue, SW, Suite 4700, Atlanta, GA 30303.

10.

Yancy, at times material to this lawsuit, held the title or position of Commissioner of the Department of Human Resources for Defendant.

11.

Yancy is an adult resident and citizen of Georgia.

12.

Yancy is sued in her individual and official capacity for all personnel matters as alleged herein for which she had the authority to approve or deny the relief as requested by Plaintiff.

13.

Yancy may be served at the City of Atlanta Department of Human Resources, 68 Mitchell Street, SW, Suite 2150, City Hall Towers, Atlanta, GA 30303.

14.

Defendant, City of Atlanta, is a political subdivision of the State of Georgia. Defendant may be served with process through its City Attorney, Cathy Hampton, at 55 Trinity Avenue, Suite 5000, Atlanta, Georgia, 30303.

## ADMINISTRATIVE PROCEDURE

15.

Within 180 days of the knowledge of the occurrence of the acts of which she complains, Plaintiff filed a written charge with the Equal Employment Opportunity Commission (hereinafter "EEOC") by notice dated February 18, 2015. (Attached as Exhibit "A").

16.

Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action pursuant to Title VII. There are no jurisdictional prerequisites mandated by § 1983 or the Equal Pay Act.

## FACTS

17.

Defendants have salary schedules referred to generally as Pay Grades ("Grades"). Plaintiff in this litigation is compensated at Grade 24.

18.

There are no standards or objective criteria for determining how employees will be paid within a Grade. In fact, Defendant has a pattern or practice of manipulating Grades, and the pay each employee receives within each Grade, due to a lack of standards or objective criteria. There are also no standards or objective criteria for moving someone between Grades or for deciding when someone should be placed within a Grade.

19.

Plaintiff's compensation was manipulated by Defendants to provide males with more pay for doing equal work as Plaintiff.

20.

Plaintiff is a nine-year City employee with just shy of twenty years of budgetary and financial management experience. Plaintiff has performed the functions of a Financial Manager, Senior with supervisory responsibilities for the City's Department of Public Works at the behest of and with the express knowledge of her superiors and City management for a number of years, with her duties continually expanding each year.

21.

Despite performing the duties of a Financial Manager, Senior with supervisory responsibilities, Plaintiff was not paid at the same rate as men performing similar jobs requiring equal skill and effort under the same working conditions at the same Grade (24) or even that of a lower Grade (21) for Defendants.

22.

On or about January 29, 2015, Plaintiff discovered that the City was paying her male co-workers Elvis Gibbs (hereinafter "Gibbs") and Norman Lopez, Jr. (hereinafter "Lopez") a higher wage for jobs that required substantially the same skill, effort and responsibility.

23.

On or about January 29, 2015, Plaintiff issued a Memorandum to her direct supervisor, Rita L. Braswell (hereinafter "Braswell"), Program Management Officer for the Department of Public Works, and also sent a carbon copy of the Memorandum to Mendoza and Alysia R. Shands (hereinafter "Shands"), Director of the Department of Human Resources requesting that her pay be brought in line with that of Gibbs.

24.

On or about February 9, 2015, the City denied her request on the basis that the "actual job titles are compared and not the job responsibilities." (Attached Exhibit "B").

25.

Plaintiff continued her request for equal pay for equal work. Each time Plaintiff asked her supervisors (which she did consistently, both orally and in writing) about the above-described discriminatory practice, she was reassured that they were aware of the situation.

26.

Defendants Mendoza and Yancy failed and refused to respond to the memoranda and letters of Plaintiff, and thus made the decision for the above-described discriminatory compensation practices to continue.

27.

Plaintiff detrimentally relied upon her superiors' express representations that the matter was and still is in the process of being resolved. That reliance was reasonable because City Ordinances require equal pay for equal work and back pay for work out of class.

28.

Plaintiff continues to be a City employee performing supervisory duties with the full knowledge and support of her superiors who have acknowledged the pay disparities sued upon in this Complaint.

29.

Defendants discriminated against Plaintiff as to her pay.

30.

Defendants' implementation, use and manipulation of the Grade 21 and Grade 24 salary schedules through their arbitrary placement of employees on these salary schedules has resulted in the discriminatory treatment of Plaintiff as to pay, salary and benefits.

**COUNT I – VIOLATION OF TITLE VII: SEX DISCRIMINATION**

31.

Plaintiff incorporates paragraphs 1-30 above, as if fully set forth herein.

32.

Plaintiff has been discriminated against by Defendants because of her gender, female, in the terms of wages/compensation, promotions, job assignments, and other terms, conditions and privileges of her employment.

33.

Defendants have engaged in and continue to engage in a pattern and practice of discriminating against their female employees, including Plaintiff, with respect to wages/compensation, promotions, job assignments, and other terms and conditions and privileges of their employment.

34.

The selection and pay procedures of Defendants had, and continue to have, a disparate impact on female employees, including Plaintiff.

35.

Job positions with higher rates of pay were given to male employees over Plaintiff.

36.

Female employees, including Plaintiff, are offered lower salaries than those offered to male employees for the same, or substantially same, positions that require doing equal work.

37.

Lesser qualified males, or those lacking Plaintiff's seniority, were given higher pay than Plaintiff.

38.

Plaintiff was denied higher paying positions because of her sex.

39.

The criteria used by Defendants to make selection decisions for employee placement on higher Grades are discriminatory.

40.

Plaintiff has been, and continues to be, directly affected by the discriminatory practices described including being denied equal pay for equal work and being denied the opportunity to work in an environment free from sexual discrimination.

41.

The sex discrimination set forth herein also further adversely affected Plaintiff and other female employees by promoting and reinforcing sexual stereotypes and sexual bias in the workplace.

42.

Plaintiff has been subjected to systemic sexual discrimination including, but not limited to, a pattern and practice of intentional

discrimination and practices that have an unlawful disparate impact on her employment opportunities. Such sexual discrimination includes a policy and practice of restricting female employment opportunities to lower classifications and compensation levels. The means of accomplishing such sex discrimination includes, but is not limited to, Defendants' promotion selection and compensation procedures, sexually discriminatory working conditions, and unequal terms and conditions of employment.

43.

Defendants' selection and compensation procedures incorporate the following sexually discriminatory practices: 1) reliance upon subjective procedures and criteria which permit and encourage the incorporation of sexual stereotypes and bias against female employees; 2) refusal to establish or follow policies, procedures, or criteria that reduce or eliminate disparate impact and/or intentional sexual bias or stereotypes in Defendants' decision making process for compensation and promotion; 3) refusal to place women on appropriate salary schedules; 4) refusal to promote and/or compensate women at the same level as male employees; and, 5) paying women less than male employees for the same or substantially same work.

44.

Defendants' compensation and selection procedures have had a disparate impact on Plaintiff. Such procedures are not valid, job related or justified by business necessity. There are objective and structured compensation and selection procedures available to Defendants, which would have a less disparate impact on females and equal or greater validity and job relatedness, but Defendants have refused to consider and/or to use such procedures.

45.

Defendants' compensation and selection procedures were implemented with the intent of having a disparate impact on Plaintiff and other female employees.

46.

Defendants' compensation and selection procedures have adversely affected Plaintiff and other female employees, including but not limited to, the following ways: assigning females to inferior job Grades, pay rates, and other unequal terms and conditions of employment in favor of male employees; and encouraging or ratifying sexually discriminatory conditions of work and sexually demeaning stereotypes regarding the capabilities, motivation and interests of females.

47.

Defendants engage in centralized control over the compensation of Plaintiff and other female employees in Plaintiff's department.

48.

Defendants have continuously engaged in, condoned and ratified discriminatory practices to constitute a continuing violation of Title VII.

49.

Plaintiff has no plain, adequate, or complete remedy of law to redress the wrongs alleged herein, and this suit for back-pay, an injunction, other equitable relief, and a declaratory judgment is her only means of securing adequate equitable relief.

50.

Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

51.

Because of Defendants' discriminatory employment practices, Plaintiff has experienced harm, including loss of compensation, back and front pay, and other employment benefits.

## COUNTS II, III, AND IV: VIOLATION OF THE EQUAL PROTECTION AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION § 1983 AGAINST ALL DEFENDANTS AND THE EQUAL PAY ACT AGAINST CITY OF ATLANTA

52.

Plaintiff incorporates paragraphs 1-51 above, as if fully set forth herein.

53.

Defendants violated Plaintiff's rights to Equal Protection, Due Process and the Equal Pay Act when they deprived her, a permanent employee of City of Atlanta, of pay equivalent to those of males performing the same duties as Plaintiff.

54.

Defendants violated § 1983 by failing to properly train their employees about discrimination and responding to complaints of discrimination. City management, specifically Defendants Yancy and Mendoza, were expressly aware of the violation of Plaintiff's constitutional rights based on letters and memos from Plaintiff, Plaintiff's Union Representative, supervisors and/or department heads.

55.

Defendants Mendoza and Yancy and the Compensation Committee intentionally disregarded Plaintiff's rights by denying her the right to appeal compensation decisions and/or to arbitrate the matters complained of without due process of law.

56.

These discriminatory acts occurred under color of law and pursuant to City of Atlanta ordinances, rules, and regulations and/or as a matter of custom within the City.

57.

Defendants Mendoza and Yancy were final policy-makers for the City and had fair warning and/or knew or should have known that such Constitutional violations ran afoul of the Equal Protection and Due Process Clauses of the United States Constitution.

58.

Defendants Yancy and Mendoza received written notice of the above alleged wage inequities directly from Plaintiff, managers or supervisors of the City of Atlanta's Department of Public Works.

59.

All Defendants' actions were executed intentionally and with malice. Moreover, the City, through its employees, acted with deliberate indifference to the known or apparent consequences of their actions.

60.

Plaintiff has suffered actual injuries and damages as a direct and proximate result of the above-described violations including but not limited to back pay, front pay, and compensatory damages due to the daily emotional distress suffered at her work and the effect of that distress on her health and personal life. Moreover, Plaintiff is entitled to collect liquidated damages against the City under the EPA for the pay disparities equal to the full amount of back pay owed. And, because the denial of equal pay was willful, Plaintiff is entitled to recover for three years of back pay as well.

61.

As a direct and proximate result of the defendant's sex-based discrimination, Plaintiff suffered lost wages and benefits, bonuses, significantly diminished employment opportunities and emotional distress.

## COUNT V: BREACH OF EMPLOYMENT CONTRACT AGAINST DEFENDANT CITY OF ATLANTA

62.

Plaintiff incorporates paragraphs 1-61 above, as if fully set forth herein.

63.

The City's Code of Ordinances and personnel standard operating procedures constitute the terms of the employment contract between Defendant and Plaintiff.

64.

Defendant violated City promises not to engage in discriminatory practices based on Plaintiff's sex.

65.

After express written notification from Plaintiff and City of Atlanta managers/supervisors that such a practice was occurring, the City ignored the written warnings and thereby breached the City's employment contract with Plaintiff.

66.

Defendant also failed to properly follow the procedures and remedies established for handling Plaintiff's grievance.

67.

The aforementioned allegations of sex discrimination constitute a breach of contract.

68.

As a direct and proximate result of the City's breach, Plaintiff suffered lost wages and benefits, bonuses, significantly diminished employment opportunities and emotional distress.

**WHEREFORE**, Plaintiff prays as follows:

(a) that Summons issue;

(b) that Defendants be served with Summons and Complaint;

(c) that trial by jury of all issues be had;

(d) that judgment be issued against Defendants for any and all general, special and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in the Complaint;

(e) for injunctive relief;

(f) for all costs of this action to be taxed against Defendants;

(g) for all costs and attorney's fees to be awarded to Plaintiff; and,

(h) for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 17th day of June, 2016.

/s/ J. Stephen Mixon
J. STEPHEN MIXON
Georgia Bar No. 514050
steve@mixon-law.com

/s/ Toby Morgan
TOBY MORGAN
Georgia Bar No. 788336
toby@mixon-law.com

MILLAR & MIXON, LLC
1691 Phoenix Boulevard, Ste. 150
Atlanta, Georgia 30349
T: 770-955-0100
F: 678-999-5039